BUTLER ET AL., PLAINTIFFS AND APPELLANTS, *v.* SORONDO ET AL.,
DEFENDANTS AND APPELLEES.

Appeal from the District Court of Arecibo in Proceedings
for Administration.

No. 1625.—Decided May 12, 1917.

ADMINISTRATION—EXECUTOR.—When a person dies testate and names an executor
in his will the executor is the person capacitated to act as administrator of
the estate. The natural heirs, brothers and sisters of the decedent, have no
right to ask for the administration of the property to the exclusion of the
executor until his appointment is in some way annulled or his refusal to act
is shown.

ID.—AMENDMENT OF PETITION—RECONSIDERATION.—A motion for reconsideration
in proceedings for administration is not the proper way to remedy deficiencies
or informalities in the petition, and the court is justified in refusing to allow
the amendment of said petition when there is no fundamental right in the
petitioner to apply for administration.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellants.

The appellees did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellants claimed the right to administer the estate of
Dominga Butler as brothers and sisters of the decedent, set-
ting up that they were her only heirs. After some prelim-
inary proceedings which it is unnecessary to review, the court
decided substantially that the appellants had no right to
administer, because there was a *prima facie* valid will in
existence in which the appellants were not mentioned as
heirs. Two of them were in fact mentioned as legatees.
While it is true that a suit was pending to annul such a will,
the appellants were claiming the administration as a mat-
ter of right as they consider themselves as heirs if the will
is null. When, however, a man leaves a will and names an
executor therein the executor is the person who must act.
The natural heirs, brothers and sisters of the decedent, have
no right to ask for the administration of the property to the
exclusion of the executor, until his appointment was in some
way annulled or his refusal to act is shown.

The court refused also to entertain the application because of lack of certain necessary allegations, and in this the court was justified. The appellants filed a motion for reconsideration in which they attempted to cure the deficiencies, but which the court had a discretion to deny. A motion for reconsideration is not the proper way to remedy deficiencies or informalities. Even if there had been some valid offer to amend, we think the court was justified in refusing to allow the amendment because of the lack of a fundamental right in petitioners as we have already outlined.

The order must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.